**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80085-CIV-CANNON**

**NOE PORFIRIO DE LEON-AJUCHAN,** and
**CLARISSA ASHLEY DE LEON,**

Plaintiffs,
v.

**ALEJANDRO MAYORKAS**
Secretary of Homeland Security, et al.**,**

Defendants.
_________________________________/

**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On January 27, 2025, the Court entered an Order Dismissing Shotgun Complaint and Permitting Repleading [ECF No. 15]. In that Order, the Court instructed Plaintiffs that they "may file an amended complaint in accordance with this Order, but any such amended pleading is due on or before February 10, 2025" [ECF No. 15]. The Court warned Plaintiffs that failure to comply with that Order by the specified deadline could result in dismissal of the case without further notice [ECF No. 15]. As of today's date, February 25, 2025, Plaintiffs still have not filed an amended complaint or requested additional time to do so.

A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630.

Upon a full review of the record, and in light of Plaintiffs' failure to prosecute this action in accordance with the Court's Order, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.
2. The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 25th day of February 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record